**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| DARREN E. MITCHELL | ) | |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DIVERSIFIED ADJUSTMENT | ) | |
| SERVICE, INC. | ) | |
| | ) | |
| & | ) | |
| | ) | |
| JOHN DOE | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT**

**JURISDICTION**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §

1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy

by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff

resides here, and Defendants transact business here

**PARTIES**

4.      Plaintiff Darren Mitchell is a natural person who resides in the City of Gaithersburg,

Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15

U.S.C. §§ 1692k(a).

5.      Defendant Diversified Adjustment Service, Inc. (hereinafter "Diversified") is a collection agency whose principal place of business is located at 600 Coon Rapids Blvd, Coon Rapids, MN 55433, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant LDG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.      In 2010, Plaintiff incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a cellular telephone bill with Sprint.

8.      By virtue of this debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

9.      Due to instability with Plaintiff's employment, he became unable to pay for this service.

10.     Subsequently, the debt was placed with various collections agencies for collection from Plaintiff, and eventually assigned to Defendant Diversified.

11.     Beginning in July 2011, Defendant Diversified began contacting Plaintiff to collect on the debt owed to Sprint.

12.     On or about July 2, 2011, Defendant Diversified sent a letter indicating to Plaintiff that his Sprint account had been placed with them for collections.

13.     Subsequently, a female collector employed by Defendant Diversified contacted Plaintiff on his home phone regarding this debt.

14.     Plaintiff explained that he was only working part time and that he didn't have the money to pay that bill.

15.     Plaintiff suggested that a payment plan would work best for all parties involved.

16.     The female collector told Plaintiff that her employer did not agree to such arrangements.

17.     Plaintiff then reiterated that he would then not have the ability to pay the debt.

18.     A few weeks later, Defendant John Doe called Plaintiff on his home telephone in an attempt to collect the debt owed to Sprint.

19.     Plaintiff answered this call in front of his fiancée, Adria Plummer, who witnessed the subsequent events.

20.     Plaintiff told Defendant Doe that he had already explained to someone else from Defendant Diversified that he was only working part time and that he didn't have the money to pay that bill.

21.     Plaintiff also stated that unless Defendant Diversified was able to provide a payment plan, he would not be able to pay the debt.

22.     Defendant harshly, and in an arrogant manner, told Plaintiff that he should then get another job to pay this debt.

23.     Plaintiff, angered by Defendant Doe's behavior, asked him "Who do you think you are?"

24.     Plaintiff began to yell at Defendant Doe, but the latter then proceeded to quickly hang up on Plaintiff.

25.     This angered Plaintiff further as he wanted to give Defendant Doe a piece of his mind and he felt that the latter's quick disappearance was cowardly.

26.     Defendant Doe's behavior so upset Plaintiff that the latter was still shaking after the call.

27.     Furthermore, Plaintiff was so upset by Defendant Doe's call that he could not go to work for the next few days.

28.     The above-described collection communications made to Plaintiff by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), and 1692f, amongst others.

## LEGAL APPLICATION

29.     All of the above-described collection communications made to Plaintiff by Defendant Diversified and collection employees employed by Defendant Diversified, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

30.     The above-detailed pattern of conduct by these Defendants of harassing Plaintiff in an effort to collect his debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

31.     Due to this abusive collection call by Defendant Diversified and its employee, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from an unjustified and abusive invasion of personal privacy.

32.     Defendant's abusive collection practice also caused Plaintiff to suffer actual damages in the form of lost wages as Defendant Doe's phone call had so upset Plaintiff that he missed days at work.

### Respondeat Superior Liability

33.     The acts and omissions of Defendant Doe, who communicated with Plaintiff as further described herein, were committed within the time and space limits of the former's agency relationship with his principal, Defendant Diversified.

34.     The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Diversified in collecting consumer debts.

35.     By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit his principal, Defendant Diversified.

36.     Defendant Diversified is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The foregoing acts and omissions of each Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39.     As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a)     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b)     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c)     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d)     For such other and further relief as this Court deems just and proper.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
15 U.S.C. § 1692(a) (emphasis added).

42.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

1        It is the policy of the Congress that each financial institution has an affirmative and continuing

2        obligation to respect the privacy of its customers and to protect the security and confidentiality of

3        those customers' nonpublic personal information.

4   15 U.S.C. § 6801(a) (emphasis added).

5        43.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private

6   concerns or affairs, and private financial information.

7        44.     The conduct of these Defendants and their agents, in engaging in the above-described

8   illegal collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by these

9   Defendants which occurred in a way that would be highly offensive to a reasonable person in that

10  position.

11       45.     Defendants and their agents intentionally and/or negligently caused emotional harm to

12  Plaintiff through this invasion of privacy.

13       46.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual

14  damages in an amount to be determined at trial from each and every Defendant.

15       WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

16       a)     For an award of actual damages from each Defendant for the emotional distress suffered

17  as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent

18  invasions of privacy in an amount to be determined at trial and for Plaintiff;

19       b)     For an award of reasonable attorney's fees and costs; and

20       c)     For such other and further relief as this Court deems just and proper.

21

22                              **TRIAL BY JURY**

23       47.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

24  triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

25

26

27

28

1   Respectfully submitted this 22nd day of September, 2011

2   DARREN MITCHELL

3

4   By:
    /s/
5   Robinson S. Rowe, Bar No. 27752
    Attorney for the Plaintiff
6   Rowe Barnett, PLLC
    5906 Hubbard Dr., Suite 4-A
7   Rockville, MD 20852
    TEL: 301-770-4710 / FAX: 301-770-4711
8   rrowe@rowepllc.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28